■ David Katz et al., Appellants, v. Reuben V. K. Posner et al., Defendants, and Harold Danson et al., Respondents.— In an action to declare the rights of the parties with respect to certain real property, for an accounting, and for other relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County, entered July 22, 1964, which: (1) granted conditionally so much of their motion for a protective order as sought to vacate the defendant-respondents' notice to take the oral depositions of plaintiffs; and (2) denied so much of said motion as sought to vacate the defendant-respondents' demand for answers to their written interrogatories. The first branch of the motion was granted on condition: (a) that plaintiffs furnish the said defendant-respondents with a transcript of the pretrial testimony of the plaintiffs previously taken by other defendants in the action; (b) that plaintiffs' attorney stipulate in writing that such prior testimony may be used at the trial by the defendant-respondents with the same force and effect as though taken by themselves; and (c) that the said defendant-respondents have leave, within 60 days after the receipt of such transcript and stipulation, to move for a further pretrial examination of the plaintiffs as to any matters not covered or inadequately covered in the prior testimony. With respect to the second branch of the motion, the order required the defendant-respondents to defray the reasonable expense of the making of photostats or other copies of any of the papers "required in the demand for interrogatories." Order modified by striking out its last three decretal paragraphs relating to the interrogatories, and by substituting therefor a new decretal paragraph reading as follows: " Ordered that that part of plaintiffs' motion which seeks to vacate the demand for interrogatories is granted without prejudice to the service of new interrogatories either after the above-mentioned defendants have examined the transcript of the testimony of the plaintiffs heretofore taken; or, if said defendants should succeed on a subsequent motion for a further oral examination of the plaintiffs, such new interrogatories may be served after the completion of such further oral examination, provided, however, that such interrogatories shall be limited to the disclosure of evidence material and necessary to the defense of the action which was not covered or was inadequately covered on the prior examinations." As so modified, the order is affirmed, without costs. In our opinion, under the circumstances of this case, it would be an unreasonable annoyance to grant further disclosure of matters already fully disclosed in the extensive oral pretrial examinations held prior to the joinder of the said defendant-respondents as parties to the action. The conditions imposed by Special Term for its refusal of such further disclosure were reasonable. The complaint seeks a determination as to the defendant-respondents' rights in the real property which is the subject of this action. If initially they are to be denied a pretrial examination of the plaintiffs because a prior examination was held, they are entitled to a transcript of the testimony

adduced on such prior examination, the right to use it at the trial, and an opportunity to seek a further examination should it be necessary to the defense of the action. With respect to the interrogatories, it is our opinion that although under the statute (CPLR 3101) a party may be entitled to an examination both orally and by written interrogatories, he should first invoke one or the other of these devices. If the device first chosen does not adequately disclose all evidence material and necessary to the prosecution or defense of the action (CPLR 3101), then the other available remedy may be utilized. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.