■ J & E PRODUCTIONS, INC., Respondent, v JAMES LAVENSON et al., Appellants.—Order, Supreme Court, New York County, entered on October 8, 1974, granting plaintiff's motion for a protective order, affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Concur—Stevens, P. J., Kupferman, Murphy and Tilzer, JJ.; Capozzoli, J., dissents in the following memorandum: Capozzoli, J. (dissenting). Simultaneously with the service of their answer herein defendants served a set of interrogatories. Thereafter, claiming the answers to the interrogatories to be deficient, they served a notice to take the plaintiff's oral deposition. CPLR 3102 specifically provides under the heading "Method of obtaining disclosure", in subdivision (a), that "Information is obtainable by one *or more* of the following disclosure devices: depositions upon oral questions * * *, interrogatories" (emphasis added). The grounds specified in CPLR 3103 for a protective order have not been shown to exist, and, in fact, many of plaintiff's answers are deficient as to the information sought, indefinite and sometimes evasive. Special Term's reliance on *Katz v Posner* (23 AD2d 774), is misplaced, for that court said (p 775), as follows: "If the device first chosen [interrogatories] does not adequately disclose all evidence material and necessary to the prosecution or defense of the action (CPLR 3101), then the other available remedy [oral deposition] may be utilized".

---

## (July 8, 1975)

■ SHIN NIPPON KOKI CO., LTD. v IRVIN INDUSTRIES, INC.—Motion granted only to the extent of granting a stay of arbitration on antitrust issues pending hearing and determination of the appeal, and arbitration may proceed on the issues other than antitrust. (See *Weintraub v Vigilant Protective Systems* , 36 AD2d 529.) Concur—Stevens, P. J., Kupferman, Murphy, Lane and Nunez, JJ.