Bentley Kassal, J.
Plaintiff moves for an order, inter alla, striking the answer of defendants Melvin Lipman, Jack Lip-man, Bernard Spitzer and David Edelman for failure to appear for an examination before trial and said defendants cross-move for an order granting them priority of deposition and directing that plaintiff appear for examination. The motion and cross motion are considered together and disposed of as follows:
An inspection of all papers submitted on this motion reveals the following timetable of the proceedings, prior to this point:
TIMETABLE
1. The original complaint was served in 1969. This contained one cause of action against the moving defendants herein, based upon said defendants failing, as officers of plaintiff corporation, to supervise the various contracts which had been entered into to construct a building at 85th Street and Park Avenue.
2. Said defendants received a "cross notice”, as did all other codefendants, from plaintiff’s attorneys for an oral examination of "all of the defendants” to be held on September 12, 1974 at the offices of the attorneys of one of the defendants.
3. Cross movants’ attorneys notified all parties that they would not be bound by any proceedings based upon the original "notice” of examination, not having been notified thereof.
4. About three weeks later, the attorney for plaintiff sent a letter, unilaterally advising defendants herein of the adjournment of the examination, without date.
5. Nothing else happened until 1976, when an amended complaint was served, which added three new causes of action, namely, breach of contract, negligence and fraud, to the *838 original cause of action. There was also a further prayer for relief, consisting of punitive damages of $5,000,000 and the additional sum for compensatory damages of $2,500,000 (making a total of $3,750,000 for compensatory damages).
6. On April 20, 1976, defendants served their amended answer and simultaneously served their notice to take the deposition of the plaintiff at their offices on May 27, 1976 at 2:00 p.m.
7. Bearing date of May 18, 1974, plaintiffs attorneys served a "cross notice” for the examination of all defendants at the offices of the attorneys of record for plaintiff, to be held on the same date and hour as the defendants’ notice (referred to in the preceding paragraph).
8. Gross movants assert that the notice served on April 20, 1976 was received "without objection” and both attorneys adjourned their depositions until a dispute arose as to the priority of deposition. At such time, both agreed to submit the issue of priority of deposition to this court by way of motion and cross motion.
The timetable discloses that plaintiff waited for five years after service of the original complaint before it served a "cross notice” for an examination before trial. Thereafter, it did nothing in pursuance thereof, except adjourn the same unilaterally without any date.
PRIORITY OF DEPOSITIONS
It is clear that priority of depositions depends not only upon service of appropriate notices but also upon the use of reasonable diligence in pursuing the same. What a mockery of the sensible rules of practice it would be if the courts were to encourage, as common practice, the automatic service of notices of examination at the joinder of issue which would then lie dormant, their sole purpose being to claim priority of deposition if and when the adversary party thereafter diligently pursued the right to examine.
Obviously, neither the CPLR nor common sense countenances such procedures. Otherwise, irrespective of whether there is any bona fide intention to proceed to examination, both sides would be encouraged to "stake territory” by serving notices concurrent with the pleadings, upon joining issue.
I am, therefore, concluding that plaintiffs original notice (or cross notice, whichever it may have been) was in fact aban *839 doned by the failure to pursue same for almost two years, especially after the unilateral adjournment "without date”.
. There is an additional basis for granting priority to said defendants. While plaintiff had priority as to examination as to the original complaint (which, as stated, I find was abandoned), defendants had priority as to the amended complaint subsequently served. CPLR 3106 (subd [a]) provides a de facto automatic priority for defendants by reason of the fact that defendant alone may obtain examination by mere notice within 20 days after service of the complaint. Since defendants, with their answer to the amended complaint, served timely notice of examination as to the amended complaint, before service of any further notice by plaintiff, they would have priority in examination with respect to the amended complaint.
Therefore, the plaintiff is directed to appear for examination at the offices of defendants’ attorney at a mutually convenient date and time within 30 days of service of a copy of this order with notice of entry. Upon completion of said examination, the defendants are directed to appear for examination at the offices of plaintiff’s attorney and to produce the items requested in plaintiff’s notice of motion. Such examination shall take place at a date and time mutually convenient to the parties but in no event later than 10 days after the conclusion of the examination of plaintiff.