■ SOL MOR NOVELTY CO., INC., Respondent, v NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 18, 1977, which, *inter alia,* denied defendant's motion to vacate plaintiff's interrogatories, insofar as appealed from, unanimously reversed, on the law and in the exercise of discretion, and the motion to vacate the interrogatories in their entirety is granted, with $40 costs and disbursements of this appeal to appellant, and without prejudice to the propounding of proper interrogatories. Sol Mor Novelty Co., Inc., had stored merchandise in a warehouse. The merchandise was allegedly insured under a marine open cargo policy issued by Northwestern National Insurance Company. The warehouse premises were burglarized and Sol Mor demanded payment under the terms of the policy from Northwestern. The claim was rejected by Northwestern. This lawsuit was initiated by Sol Mor by service of a summons and complaint. After joinder of issue, the plaintiff served interrogatories upon Northwestern. The defendant moved at Special Term to vacate the interrogatories. The motion was denied. We would reverse. The complaint contained but 11 paragraphs. The answer contains eight paragraphs and an additional 15 paragraphs articulating four affirmative defenses and one counterclaim or offset. Plaintiff's demand for the interrogatories contained 72 questions which, together with subsidiary questions, amounted to 122 separate interrogatories. The interrogatories in the main deal with minutiae and irrelevancies and, in our view, are oppressive and harassing. Their mere number in relation to the simple complaint and answer is indicative of their nit-picking nature. The relatively simple issues outlined in the pleadings do not warrant the unreasonably detailed interrogatories propounded. Under the circumstances, rather than prune the numerous palpably improper questions, we have vacated the entire demand (*Heimowitz v Handler, Kleiman, Sukenik & Segal, P. C.,* 51 AD2d 702; *Woodmere Academy v Steinberg,* 51 AD2d 514). Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.