OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
In this motion for a protective order, the issue is whether the priority of deposition established by one party, pursuant to CPLR 3106 (subd [a]) absolutely precludes an adversary from conducting any depositions until the party with priority is satisfied that it has all of the information it seeks.
*866 FACTS
Defendant undisputedly obtained priority in this case having been the first party to notice depositions. It is also clear that defendant has not abandoned its priority by failing to pursue such disclosure. (Cf. 1020 Park Ave. v Puzio, 90 Misc 2d 836.)
Pursuant to such priority, defendant noticed the examination of plaintiff and already conducted four days of deposition of plaintiffs chief design engineer. In addition, defendant has employed other disclosure devices, including on-site inspection of the facility involved in this action, discovery, inspection and laboratory testing of material supplied by plaintiff and examination of numerous documents produced by plaintiff.
At this point, defendant awaits the production of further documents from plaintiff after which it proposes to depose other employees of plaintiff. Nowhere does it state how many more of plaintiffs employees it intends to depose — presumably it intends to continue such depositions and disclosure until satisfied that there is no more information that can be gathered by such discovery devices.
Plaintiffs position is not that defendant has forfeited its priority, but merely that in the interests of fairness, it should be permitted to conduct depositions on a reciprocal or simultaneous basis.
POLICY CONSIDERATIONS
In order to provide for orderly disclosure, the CPLR has established an automatic de facto priority of examination. Absent special circumstances, the priority is given to the defendant if it moves diligently on the theory that it is blameless, until proven otherwise, and is entitled to examine first to ascertain what the case is about. (Grow Constr. Co. v State of New York, 61 Misc 2d 697, 698; 3A Weinstein-KornMiller, NY Civ Prac, par 3106.02.)
Any application for disclosure pursuant to CPLR article 31 must also be viewed in terms of the overriding policy of that article which is to provide "full disclosure of all evidence material and necessary in the prosecution or defense of an action.” (CPLR 3101, subd [a].) As interpreted in the leading case of Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 406) this standard must be "interpreted liberally to require disclosure upon request, of any facts bearing on the controversy *867 which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Emphasis added.)
To permit a defendant to indefinitely depose a plaintiff’s witnesses while barring reciprocal action, may well delay the resolution of many issues which could be resolved by plaintiff deposing defendant. This is so since plaintiff’s deposition of the defendant may reveal that the plaintiff sued the wrong party or some other legal infirmity, warranting discontinuance of one or more of the claims in the complaint. Finally, having had the unique experience of presiding at the discovery motion part of this court for almost three months, I am well aware that discovery devices are often used — or rather abused — merely to delay the speedy disposition of a case. In such cases, their use is primarily strategic and, incidentally, for disclosure.
The test of reasonableness in disclosure dictates the conclusion that "[a]n adversary need not remain inactive in terms of trial preparation while his opponent completes his disclosure proceedings. There is no * * * reason why two parties to litigation cannot proceed simultaneously with the conduct of discovery and pretrial proceedings” (Berenbau v First Nat. City Bank, NYLJ, Sept. 4, 1975, p 5, col 3; see, also, Music Fair Enterprises v Anka, NYLJ, Aug. 31, 1976, p 5, col 2; Liberatore v Gershon, NYLJ, Oct. 9, 1975, p 9, col 3).
Further, even with regard to the use of a single discovery device "[t]he priority is not absolute, in that it does not require defendant to complete all his examinations before permitting plaintiff to have his first examination” (Liberatore v Gershon, supra). To hold otherwise would be to encourage limitless disclosure and protracted pretrial motions merely for the purpose of delay.
DECISION
Accordingly, the motion for a protective order is denied. The parties are directed to expeditiously complete all pretrial depositions alternating witnesses to be examined until completion, with plaintiff having the right to conduct the next examination. As stated by the Appellate Division in Goldberg v Freedman (33 AD2d 754), "we deprecate the consummate waste of time occasioned by attorneys’ picayune and pettifogging contentiousness over the manner of conducting an examination of this character.” The rules of this court require that *868 parties confer in good faith to resolve by agreement the manner of conducting discovery and disclosure. (22 NYCRR 660.8 [b] [6] [ii].) A good faith application of the guidelines established herein should preclude the future need for such motions as this.