OPINION OF THE COURT
Bentley Kassal, J.
*158 ISSUES
On the basis of the stipulation between the parties only two issues remain:
(1) Is the plaintiff, in answer to the interrogatories, required to provide the following information: (a) identifying information as to titles, duties, dates of employment, etc., with regard to those of its employees or former employees named in answers to the interrogatories; (b) the names and identifying information with regard to anyone who assisted in preparing or supplying answers to the interrogatories together with their sources of such information.
(2) Is defendant entitled to serve a notice of oral examination simultaneously with the interrogatories?
DECISION
(1) While neither the parties nor the court have located any authority on this issue in this State, some authority does exist in the Federal courts, which have had far longer experience with the use of interrogatories as a discovery device. (See, generally, 4 Moore’s Fed Prac, par 26.57.) The general conclusion is clear that such information is not privileged as work product and, absent a specific demonstration of special circumstances, it is discoverable. (See Ballard v Allegheny Airlines, 54 FRD 67, 69-70; United States v Article of Drugs, 43 FRD 181, 191-192; Caldwell-Clements v McGraw-Hill Pub. Co., 12 FRD 531, 537-538; 4 Moore’s Fed Prac, par 26.57, subd [2].)
An examination of CPLR article 31 produces no different result. CPLR 3101 (subd [a]) calls for "full disclosure of all evidence material and necessary in the prosecution or defense of an action” unless it is privileged (CPLR 3101, subds [b], [c], [d]) or it may properly be the subject of a protective order because its disclosure would cause "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts.” (CPLR 3103, subd [a].) In fact, the CPLR expressly provides that interrogatories may require the production of relevant documents or photographs. (CPLR 3131.) There would appear to be no valid reason for granting discovery as to documents, used in the preparation of interrogatories, while denying information as to the individuals who provided the information.
*159 Plaintiffs have demonstrated no special circumstances for denying the information sought by these interrogatories. Any burden they may entail may be minimized by adopting the suggestion of the court in Caldwell-Clements v McGraw-Hill Pub. Co. (12 FRD 531, 537-538, supra) that the questions may be answered by means of a general statement referring to marginal annotations (much like "marked pleadings”) for the individual answers. Since these annotations may be noted easily as this information is assembled, this procedure should not be difficult.
(2) Approximately 20 days after the service of the summons and complaint, defendant served its "First Set of Interrogatories” consisting of 71 questions, with numerous subsections and comprising 41 pages in all. Simultaneously, defendant also served a notice to take plaintiff’s deposition on a date some six weeks later. Along with the notice for deposition, defendant sent a letter, including the following paragraph: "Your early document production and service of plaintiff’s answers to the interrogatories are requested in order to facilitate and narrow the scope of the pretrial examination of plaintiff. Although the notice schedules the examination for a date certain, that date is subject to advancement or postponement to a mutually convenient date following our receipt of plaintiff’s document production and answers to the interrogatories.”
It is thus apparent that the reason the defendant served its notice of examination was to "stake territory” for priority under CPLR 3106 (subd [a]) without any intention of conducting immediate examinations. (See 1020 Park Ave. v Puzio, 90 Misc 2d 836, 837.)
There is no provision in the CPLR expressly prohibiting the course defendant has chosen. As stated by Professor Siegel in his commentary: "As long as the practitioner follows the instructions contained in the provision supplying the particular device, he may resort to it without having first used one of the other devices. Nor is there any limit, other than one the court may wish to impose by ad hoc protective order under CPLR 3103, as to the number of disclosure devices one party may use against another. Indeed, article 31 does not even restrict the number of times a single disclosure device may be used against the same person, although here an attempted duplicative use without some special reason can easily invoke the protective order provision of CPLR 3103.” (See, generally, *160 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:2, pp 8-9).
The use of written interrogatories before oral examinations may often be an effective and appropriate procedure for conducting discovery. Interrogatories, in such cases, provide a relatively simple and inexpensive device to obtain all needed pretrial discovery or at least to narrow the scope of further discovery. They may be used, in the first instance, to determine what documents and records should be produced and where, a party is a corporation, as here, they may be effectively used to determine which corporate witness to depose. (See, generally, Ford Motor Co. v Burke Co., 51 Misc 2d 420; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3130.05.)
However, the procedure employed by defendant, the simultaneous service of interrogatories and the notice for oral examination, presents a great potential for abuse. Defendant staked out its priority, but then proceeded by other discovery devices, thereby effectively precluding plaintiff from conducting similar discovery, which this court believes to be improper. (See, generally, Allis-Chalmers Corp. v United States Steel Corp., 94 Misc 2d 865.)
In such a situation, while defendant may be entitled under the CPLR to employ both discovery devices, he should first invoke and, if possible, complete one, before resorting to the other. (Katz v Posner, 23 AD2d 774; J & E Prods, v Lavenson, 49 AD2d 528.)
Accordingly, the notice for deposition is vacated without prejudice to the service of a similar notice if the interrogatories do not adequately disclose evidence "material and necessary” to the prosecution or defense of this action.
ORDER
Plaintiff shall serve answers to the interrogatories as stipulated between the parties and as further modified herein, within 30 days of service of a copy of this order with notice of entry.
The notice for deposition is vacated without prejudice to service of a new notice after receipt of the answers to the interrogatories directed above. Such oral examinations, if noticed, shall be limited to material not covered or inadequately covered by the answers to the interrogatories.