OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
Shall a party be permitted to simultaneously pursue the disclosure devices of deposition and interrogatories against the same witness?
FACTS
Pursuant to defendant’s notice, the deposition of plaintiff was held on two days in October, 1977 and adjourned, pending completion of plaintiff’s production of certain documents. Thereafter, and before completion of that deposition, defendant served the interrogatories which are the subject of this motion.
*135 It is readily apparent from even a brief examination of the interrogatories that many of the questions are duplicative of those already asked and answered at plaintiffs oral examination. Further, the extremely extensive questions, ominously entitled "Defendant’s Interrogatories First Set” commence with very detailed "instructions” and "definitions”, contain many items which are palpably improper, and, as a whole, are unduly oppressive and burdensome.
DECISION
While the CPLR contains no express direction as to the order in which a party may employ various disclosure devices against his adversary (see, generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101, C3101:2) it has become increasingly apparent to this court that the free and unlimited employment of such devices has led to such abuse in many instances as to far outweigh their beneficial attributes by way of true discovery. The same devices which, when properly employed, "advance the function of a trial to ascertain truth and to accelerate the dispositon of suits” (Rios v Donovan, 21 AD2d 409, 411), become oppressive when they tend to unnecessarily increase the cost of litigation and unduly delay the resolution of issues. In those cases, their use is perverted into instrumentalities of delay and their proper purpose becomes secondary and peripheral.
One discovery device, which has demonstrated very great potential for improper employment, is interrogatories. As stated by the Committee Comments to rule 33 in the Report of the Special Committee for the Study of Abuse, Section of Litigation American Bar Association, October, 1977: "no single rule was perceived by the Bar at large responding to the Committee’s questionnaire as engendering more discovery abuse than Rule 33 on interrogatories”.
I have proposed to the Judicial Conference for implementation that no party be permitted to use both the interrogatory device and depositions of the same witness, without leave of the court. While the adoption of such a general rule for all discovery is properly the subject of action by the Judicial Conference or Legislature, it is clear to the court that, absent exceptional circumstances, a party should not be permitted to employ both interrogatories and oral examination against another party simultaneously. (Katz v Posner, 23 AD2d 774; J & E Prods, v Lavenson, 49 AD2d 528.)
*136 There is a definite and clear responsibility placed upon the court by CPLR 3103 (subd [a]) (Protective orders. Prevention of abuse) to prevent such "expense” or "other prejudice” either on its own initiative or on application. This should not be lightly ignored.
Here, the defendant initially elected to and did commence the deposition of plaintiff. Defendant should be required to complete such deposition before resorting to interrogatories, if still appropriate, and then only for the limited purpose of supplementation of discovery, not duplication.
Accordingly, the motion is granted to the extent only of striking the interrogatories dated January 6, 1978 without prejudice to service of interrogatories, if then appropriate, after the completion of the oral examination of the plaintiff and limited to material not covered or inadequately covered by plaintiff’s testimony at such examination. Since the parties appear unable to agree as to the arrangements for the deposition, and there are issues of privilege which have been raised with respect to the proposed interrogatories, the deposition shall resume at Special Term, Part II, of this court on June 1, 1978 at 10:00 a.m., and continue until completion. Any claims of privilege shall be referred to the Justice then presiding in Special Term, Part II.