■ EMANUEL COPPOLINO, Respondent, v K COMPANY, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated November 1, 1977, which (1) denied its motion for summary judgment on the basis of plaintiff's failure to diligently prosecute the action and (2) on plaintiff's cross application to compel defendant to accept service of a bill of particulars, granted him leave to reserve his bill of particulars. Order affirmed, without costs or disbursements, on condition that plaintiff's attorney personally pay $500 to defendant within 20 days after entry of the order to be made hereon; in the event that the condition is not complied with, then order reversed, on the law, with $50 costs and disbursements, motion granted and cross application denied. Plaintiff's time to serve his bill of particulars is extended until 20 days after the entry of the order to be made hereon. In cases such as this, where the failure to permit late service of a bill of particulars would work an unduly harsh result, and where the actual fault belongs to the attorney and the opposing party will not be unduly prejudiced, it is appropriate that the default be opened, with costs against the offending attorney personally, so that the rights of the parties may be determined upon the merits. In this manner, the interest of justice will best be served (see *Batista v St. Luke's Hosp.,* 46 AD2d 806). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.