■ HORN CONSTRUCTION Co., INC., et al., Appellants, v ICOS CORPORATION OF AMERICA, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered January 30, 1978, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $40 costs and disbursements to appellant, motion for protective order granted, and interrogatories vacated without prejudice to service of proper interrogatories. Plaintiff, which had contracted with the City of New York to construct a portion of a subway, sues the defendant subcontractor for an alleged failure to construct a concrete wall in a timely and workmanlike manner. At issue here is a set of interrogatories which defendant served on plaintiff together with a notice of deposition. The interrogatories extend for some 36 pages in the record and contain 80 main questions which are further divided into subparts and subdivisions of subparts so that together some 270 questions are propounded. Each of the interrogatories adopts by reference 14 broad and detailed definitions. When the interrogatories are read in conjunction with the definitions, it is apparent that the entire set is unacceptably burdensome, unreasonable and oppressive. (See *Sol Mor Novelty Co. v Northwestern Nat. Ins. Co.,* 60 AD2d 543.) The form of the interrogatories are such that they do not lend themselves readily to judicial pruning of that which is reasonable from that which is not. Accordingly, the interrogatories are vacated in their entirety without prejudice to the service of new interrogatories Concur—Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.

■ In the Matter of ANDREW PERILLO, Doing Business as ANDY'S AUTO BODY, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.—Determination of the Department of Motor Vehicles, dated June 6, 1977, revoking petitioner's license to operate and maintain an automobile repair shop, unanimously modified, on the law, without costs or disbursements, to the extent of reducing the penalty to a suspension for six months and, except, as thus modified, confirmed. The record amply supports the finding that petitioner violated 15 NYCRR 82.5 (b) by making an unauthorized repair. We conclude, however, that revocation was an excessive penalty since the violation appears to be an isolated incident for petitioner who has spent his entire adult life in the motor vehicle repair business. Thus, we modify the penalty to the extent indicated. Concur—Birns, J. P., Silverman, Fein, Markewich and Sullivan, JJ.