■ SAMUEL HALL, JR., et al., Respondents, v JOHN A. CRAIG, Appellant. —In an action for specific performance of an agreement for the sale of stock, defendant appeals from an order of the Supreme Court, Kings County, dated April 28, 1978, which (1) granted plaintiffs' motion for a protective order vacating and setting aside the entire set of interrogatories propounded by defendant and (2) denied his cross motion to "[dismiss] plaintiffs' motion" for failure to comply with CPLR 3133. Order affirmed, with $50 costs and disbursements. Defendant is granted leave, if he be so advised, to serve a new and proper set of interrogatories within 20 days after payment to plaintiffs of the $50 costs and disbursements awarded on this appeal. In this action for specific performance of an agreement for the sale of stock, plaintiffs moved for a protective order setting aside defendant's set of 108 interrogatories on the grounds that they were irrelevant, unduly broad, unreasonable, offensive and a breach of the attorney-client privilege. In

granting the motion, Special Term did not address itself to the grounds raised by plaintiffs, but rather relied solely on the ground that "plaintiffs who are both residents of the County of Kings are within jurisdiction of the Court and are capable of appearing at an examination before trial, upon proper notice, to answer the questions propounded in defendant's interrogatories". In so ruling, Special Term erred. Since this was not a negligence case, defendant was entitled to utilize the discovery tool of written interrogatories (see CPLR 3130), if he was so advised. However, although Special Term did not address itself to the merits of plaintiffs' motion, which was timely and proper in form, the interrogatories are part of the record on appeal and, upon our review, it clearly appears that they are unduly broad and prolix and must be stricken (see *Blasi v Marine Midland Bank of Southeastern N. Y., N. A.,* 59 AD2d 932; *Heimowitz v Handler, Kleiman, Sukenik & Segal, P. C.,* 51 AD2d 702). Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.