■ CHURCHILL COMPUTER CORPORATION, Respondent-Appellant, v LYNNE P. HAUG, et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered June 6, 1978, which, *inter alia,* denied defendants' motion for a protective order modifying the notice of examination before trial served by plaintiff with respect to production of certain documents and denied plaintiff's cross motion for a protective order vacating the defendants' interrogatories in their entirety, unanimously modified, on the law and in the exercise of discretion, to the extent of reversing the denial of plaintiff's cross motion; the cross motion for a protective order vacating the defendants' interrogatories is granted without

prejudice to service of a proper demand for interrogatories; the examination before trial is to be held within 30 days after service of a copy of the order to be entered hereon, with notice of entry thereof, and, as so modified, affirmed, without costs and disbursements. The production of documents sought by plaintiff is pursuant to CPLR 3111 in aid of the examination before trial and is thus of a more limited nature than discovery under CPLR 3120 which is wholly independent of a deposition. As the examination is to be held at Special Term, Part II, any objections concerning the propriety of questions may be referred to the Justice presiding thereat. Rulings relating to the requested documents may also be obtained from said Justice. The defendants' interrogatories read as an entire set are burdensome, unreasonable and oppressive. Under the circumstances herein, the remedy is not judicial pruning of that which is reasonable and proper from that which is not *(Horn Constr. Co. v ICOS Corp. of Amer.,* 63 AD2d 939). Accordingly, the interrogatories are vacated in their entirety without prejudice to the service of new interrogatories. Concur—Kupferman, J. P., Birns, Fein, Lupiano and Yesawich, JJ.