■ ALLAN TERRY et al., Individually and Doing Business as LOOKOUT LODGE, Appellants, v GERALD MANLEY et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs, for the reasons stated in the memorandum decision at Special Term, Wagner, J. (Appeal from judgment of Livingston Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ ALLAN TERRY et al., Individually and Doing Business as LOOKOUT LODGE, Appellants, v GANNETT Co., INC., Respondent. (Appeal No. 2.)—Judgment unanimouisly affirmed, without costs, for the reasons stated in the memorandum decision at Special Term, Wagner, J. (Appeal from judgment of Livingston Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ CLIFTON STEEL CORPORATION, Respondent, v COUNTY OF MONROE PUBLIC WORKS DEPARTMENT et al., Defendants, and ROBERT F. HYLAND & SONS, INC., Appellant.—Order unanimously affirmed with costs. Memorandum: In an action to foreclose mechanics' liens on a construction project, plaintiff and defendant Hyland each served notices to take depositions. By agreement, the parties postponed the taking of depositions for several months. Pending the taking of depositions, plaintiff served written interrogatories upon Hyland pursuant to CPLR 3132. Over a month later, Hyland moved to strike the interrogatories claiming that it had priority of discovery by serving the first notice to take depositions. In denying the motion, Special Term did not abuse its discretion *(Wahrhaftig v Space Design Group,* 33 AD2d 953). Generally, CPLR 3106 (subd [a]) gives to a defendant the first right to depose *(Goldberg v Freedman,* 33 AD2d 754). Hyland had that right but agreed to a lengthy postponement of the taking of depositions without any allegation that it was thus misled. CPLR 3132 gives to any party, after the commencement of an action, the right to serve written interrogatories upon any other party. A motion to strike interrogatories must be made within 10 days after the service of interrogatories (CPLR 3133, subd [a]). Besides being untimely in seeking the protective order, Hyland has failed to show its entitlement to the order under CPLR 3103 (subd [a]) which provides in part: "Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." Hyland's argument that the information sought by the interrogatories are just as easily available by deposition is not persuasive. "Interrogatories are especially useful when dealing with corporations and associations. Where lists and other detailed information need to be amassed, it is much easier to get them through interrogatories than through depositions; almost always the deposition will have to be adjourned to permit the deponent to gather the necessary information" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3130.05). (Appeal from order of Monroe Supreme Court—protective order.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.