■ BAROUH EATON ALLEN CORP., Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant.—In an action for damages and injunctive and declaratory relief, defendant appeals from an order of the Supreme Court, Kings County, dated March 3, 1980, which (1) granted plaintiff's motion to vacate defendant's interrogatories, without prejudice to service of a new set, if necessary, following the taking of plaintiff's oral deposition, (2) imposed a $1,000 sanction upon defendant's counsel, and (3) precluded further discovery until payment of the sanction. Order modified by deleting therefrom paragraphs numbered "1" and "2" in their entirety and substituting therefor the following: "Plaintiff's motion is granted to the extent that defendant's interrogatories are vacated in their entirety, without prejudice to the defendant's service of a new and proper set of interrogatories, if so desired, limited to evidence material and necessary to the defense of the action. Upon the completion of the interrogatories and a review of plaintiff's answers thereto, defendant's counsel, if it is deemed

necessary, may notice the oral deposition of plaintiff, limited to material and necessary information not adequately supplied through the interrogatories." As so modified, order affirmed, without costs or disbursements. Plaintiff and defendant are direct competitors in the manufacture and distribution of typewriter ribbons, ribbon cartridges and correction tapes for use on office typewriters, including those manufactured by the defendant. In 1974 plaintiff brought an antitrust action against defendant in Federal District Court. This action was settled by an agreement between the parties, of which the following clause is relevant to this appeal: "Finally, as to the interfaces ('interfaces') between IBM typewriters currently in production and each of their presently marketed ribbon cartridges and their correction material spindles, there are annexed as Exhibit 7, ribbon cartridge and correction material spindle drawings for such interfaces. Should any change(s) be made in the future in the interfaces of typewriters then in production, IBM upon written request from Eaton Allen, will promptly furnish to Eaton Allen comparable drawings and dimensions." Plaintiff brought the instant action seeking damages and injunctive and declaratory relief for defendant's alleged failure to provide, in advance, interface specifications in accordance with the above-mentioned clause. Defendant served plaintiff with an extensive set of interrogatories, encompassing 32 pages, with 24 enumerated questions and a multitude of subparts, together with a set of detailed instructions. Thereafter, but prior to the response date for answering the interrogatories, defendant noticed the oral deposition of plaintiff to be held 25 days after the answers to the interrogatories were due. Rather than answer the interrogatories, plaintiff moved for a protective order vacating the interrogatories in their entirety, without prejudice to service of a proper set, if appropriate, after the completion of oral depositions. Special Term granted plaintiff's motion and, *sua sponte*, imposed a $1,000 monetary sanction upon defendant's counsel to be paid personally to the attorneys for the plaintiff. Defendant appeals from his order. Special Term was well within its discretion in vacating the interrogatories in their entirety pursuant to its broad power to regulate discovery to prevent abuse (see CPLR 3103, subd [a]; 3133; *Kay v Shopwell, Inc.*, 63 AD2d 694; *Katz v Posner*, 23 AD2d 774). The interrogatories at bar are patently burdensome, oppressive and improper and in such a case they should be vacated rather than pruned. (See *Martino v Mid-Island Hosp.*, 73 AD2d 592; *Forest Bay Homes v Kosinski*, 65 AD2d 589.) Additionally, the noticing of an oral deposition prior to reviewing the answers interposed to the interrogatories and without a determination of the necessity for further disclosure, verges on an abuse of the judicial system (cf. *Katz v Posner, supra*). When the disclosure process is used to harass or unduly burden a party, a protective order eliminating that abuse is necessary and proper (see CPLR 3103, subd [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3103:1, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3103.05; cf. *Commissioners of State Ins. Fund v News World Communications*, 74 AD2d 764). It was, however, an improvident exercise of discretion for Special Term to require defendant to proceed with the disclosure process by oral deposition, rather than by interrogatories. The CPLR does not set forth any order of priority as to the use of the *various disclosure devices. A party is* generally free to choose both the devices it wishes to use and the order in which to use them (see *Katz v Posner, supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:2). This freedom of choice is, of course, subject to judicial intervention if the process is abused (see CPLR 3103, subd [a]). The courts may direct the priority by which a

party may use the disclosure devices, if it finds on the particular facts that expedition will result from the use of one device prior to another (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:2, C3130:1). Expedition will not result in this case by ordering oral depositions prior to interrogatories. While it is true that the interrogatory device is often subject to abuse (see *Wagner v NFS Fin. Servs.,* 96 Misc 2d 134; Pollack, Discovery—Its Abuse and Correction, NYLJ, May 11, 1978, p 3, col 1), a set of interrogatories, limited to material and necessary questions, and subject to review upon a motion for a protective order, would be more appropriate in light of the complexities of this litigation (see *Clifton Steel Corp. v County of Monroe Public Works Dept.,* 74 AD2d 715). In complex commercial cases and when dealing with corporations, the initial use of proper interrogatories is preferred in order to save time and money (see *Clifton Steel Corp. v County of Monroe Public Works Dept., supra; Commissioners of State Ins. Fund v News World Communications, supra; Quarto v Westchester Premier Theatre,* 52 AD2d 623; *Erwin Pearl, Inc. v Burroughs Corp.,* 95 Misc 2d 157; *Ford Motor Co. v Burke Co.,* 51 Misc 2d 420). Certainly, with the adjournments and financial burdens attached to oral depositions in this type of action, defendant's initial choice of interrogatories, if served in proper form, would be more expeditious. Finally, Special Term improvidently exercised its discretion by imposing upon defendant's counsel the $1,000 monetary sanction. This court has imposed monetary sanctions upon attorneys in cases of attorney inadvertence or neglect which resulted in defaults taken against their clients (see, e.g., *Coppolino v K Co.,* 63 AD2d 957). In those cases the monetary sanction was imposed to compensate the opposing party for having gone through a default procedure only to have the litigation reopened so that the defaulting party would not suffer because of the attorney's error. Also, where attorneys had prior notice that service of a specific "boilerplate" demand for a bill of particulars was patently improper, one court has imposed a monetary sanction against an attorney who knowingly abused the judicial process by subsequently serving the violative demand (see *Arsenault v Maimonides Med. Center,* NYLJ, Feb. 27, 1979, p 14, col 2 [we do not now pass upon the validity of that order]). Defendant's counsel did not have prior notice that service of its particular interrogatories was a flagrant abuse of the judicial process (see, e.g., *Goodman v Goodman,* 89 Misc 2d 636). While we do not countenance the service of the instant set of interrogatories and will not tolerate abuses of the disclosure process, we cannot approve the use of a monetary sanction on these facts. Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.