■ L.K. COMSTOCK & CO., INC., Appellant, v CITY OF NEW YORK (BOWER BAY WPCP), Respondent. — Order, Supreme Court, New York County, entered October 20, 1980 which denied plaintiff's motion for a protective order striking defendant's second set of interrogatories and ordering that the pretrial examination of plaintiff should commence 15 days after service of plaintiff's answers to the second set of interrogatories, reversed, on the law and on the facts and in the exercise of discretion, without costs; motion for a protective order granted and the interrogatories vacated, without prejudice to service of appropriate interrogatories, after completion of the deposition of plaintiff which shall proceed at a time and place to be fixed by the parties within 15 days after service of a copy of this court's order with notice of entry. Plaintiff, an electrical contractor, entered into a contract with defendant City of New York (City) to perform electrical work in the construction by the City of Bower Bay Water Pollution Control Plant in Queens. During construction, disputes arose between plaintiff and the City. Plaintiff served a summons and complaint alleging in four causes of action a balance due under the contract, amounts due for extra and additional work and for damages from construction delays. The City served an answer and counterclaims, together with extensive interrogatories, in February, 1978. Two years later, on February 21, 1980, the parties stipulated to the service of an amended complaint in the form annexed to the stipulation and the plaintiff

served its answers to the interrogatories. The amended complaint alleged three causes of action instead of four. The claims for the contract balance and extra work were reduced. The damages sought in the cause of action for delay were increased. The exhibits attached to the answers to the interrogatories included schedules of the amounts of contract moneys paid and due, and a detailed evaluation of pending change orders, disputed change orders and delays. Included was a 15-page bill of particulars detailing the circumstances giving rise to the suit and various letters respecting time extensions for completion of plaintiff's work. Although the amended complaint alleging these three causes of action was not served until June 13, 1980, it was in the form annexed to the February 21 stipulation. Plaintiff's responses to the interrogatories were geared to the amended complaint and in accordance with the relief requested in the amended complaint rather than the original complaint. The City did not move to compel further disclosure with respect to the interrogatories (CPLR 3124). Instead the City served its answer to the amended complaint and a second set of interrogatories, 32 pages long, containing 104 main questions, further subdivided into subparts and subdivisions of those subparts, in exquisite detail, totaling over 250 questions. Each interrogatory adopted by reference 10 definitions, some very broad and others precisely detailed. With its answer and interrogatories, the City served a notice to take deposition of plaintiff upon oral examination including a substantial request for the production of documents, many of which were also called for in the interrogatories. On plaintiff's motion to strike the second set of interrogatories, Special Term modified some of the interrogatories and directed that the remainder be answered prior to the pretrial examination of plaintiff. Plaintiff appealed. Although we are loathe to interfere with Special Term's exercise of discretion in disclosure matters, it is plain that here the second set of interrogatories should be vacated and not be pruned, as Special Term sought to do. Special Term directed that to the extent that the second set of interrogatories was repetitious of the earlier interrogatories, plaintiff might answer by citing the first set of interrogatories. We disagree. Although the CPLR sets no limits on what disclosure devices may be used or how many times they can be used, Special Term should exercise its discretion to prevent abuse in the light of all the circumstances (*Commissioners of State Ins. Fund v News World Communications,* 74 AD2d 765; *Clifton Steel Corp. v County of Monroe Public Works Dept.,* 74 AD2d 715). An examination of plaintiff's responses to the initial interrogatories and the exhibits annexed thereto establishes that plaintiff answered the interrogatories and furnished the City with a myriad of detail in its responses and bill of particulars. It has not been demonstrated that plaintiff's answers were not responsive. The second set of interrogatories repeats verbatim a large number of items from the earlier set of interrogatories. It is not the responsibilty of plaintiff to point out where its prior responses answered the second set of interrogatories. It is the duty of the defendant to insure that its second set of interrogatories does not duplicate the prior interrogatories. Nor is it appropriate to use a second set of interrogatories for the purpose of obtaining in exquisite detail a breakdown of the prior responses. The combination of overly comprehensive questions and definitions together with questions and definitions in such refined detail in the second set of interrogatories is unduly burdensome and oppressive, particularly in the light of the fact that simultaneously with the service of the second set of interrogatories the City served a notice of pretrial examination of the plaintiff. As noted in *Commissioners of State Ins. Fund v News World Communications (supra),* and *Clifton Steel Corp. v County of Monroe*

*Public Works Dept. (supra),* interrogatories are appropriate and useful in enabling the seeking party to obtain lists and other detailed information to set the stage for meaningful depositions. Here, the responses to the original interrogatories furnished more than sufficient information for a fruitful deposition. The second set of interrogatories is repetitious, burdensome, unreasonable and oppressive. Under the circumstances, it is not the duty of the court to prune them, but rather to vacate them in their entirety *(Horn Constr. Co. v ICOS Corp. of Amer.,* 63 AD2d 939; *Churchill Computer Corp. v Haug,* 70 AD2d 546). Although we do not now rule that noticing an oral deposition simultaneously with the service of interrogatories is necessarily improper (see *Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873), we direct that under the circumstances of this case the deposition should proceed before service of such additional interrogatories as may be deemed necessary after completion of the deposition. Concur — Sullivan, Ross, Carro and Fein, JJ.

Sandler, J., dissents in a memorandum as follows: I agree that the detail and structure of defendant's second set of interrogatories, particularly in light of the prior interrogatories and the bill of particulars, present a substantial question as to whether the interrogatories are unduly burdensome. On balance, I have concluded that Special Term's exercise of discretion was appropriate. The detailed nature of the interrogatories must be measured against the reality that this is an action against the City of New York for over $5 million, and that the resolution of the litigation is likely to turn upon a complex interaction of developments that took place over a period of time. In addition, I do not agree with the court that the answers to the defendant's first set of interrogatories were satisfactory. Many of those answers seem to me obviously vague, general and incomplete. The nature of the litigation makes it peculiarly appropriate for the use of interrogatories to be followed by an oral deposition. Many of the questions are particularly suited to the interrogatory device since the answers will frequently require an examination of records and documents and some consultation with others. Although answering the interrogatories will impose some preliminary burden upon the plaintiff, it seems likely that the ultimate result will be to reduce significantly the time required in the contemplated deposition. Conceivably, full responses to the questions propounded may ultimately obviate the need for a deposition. In short, this does not seem to me an appropriate case to depart from the strong policy in favor of noninterference with Special Term's exercise of discretion in disclosure matters. Accordingly, the order of the Supreme Court, New York County, entered October 20, 1980, denying plaintiff's motion for a protective order and ordering pretrial examination to commence 15 days after service of plaintiff's answers to the second set of interrogatories, should be affirmed.