■ Stanley Gordon et al., Plaintiffs, v Gary Ott et al., Defendants; Rochester General Hospital, Appellant, and Key Drug Company et al., Respondents. — Order unanimously affirmed, with costs. Memorandum: The plaintiff, Anne T. Gordon, sued to recover damages for personal injuries she received after using a deodorant manufactured by the defendants, the Gillette Company and E. I. DuPont deNemours and Company. She named Rochester General as a codefendant, claiming that it negligently failed to diagnose her injuries. The hospital cross-claimed against the two manufacturing corpora-

tions and moved against them, pursuant to CPLR 3130, for leave of court to serve written interrogatories and also conduct oral depositions. Special Term denied leave. We affirm. In support of its motion, the hospital argued that in this complex case the service of interrogatories in the first instance will expedite the oral depositions by reducing the delays that otherwise would be caused by adjournments necessary to permit the deponent to gather detailed information (see *Clifton Steel Corp. v County of Monroe Public Works Dept.*, 74 AD2d 715; *Barouh Eaton Allen Corp. v International Business Machs. Corp.*, 76 AD2d 873, 875). Since, however, proposed interrogatories were not submitted with the moving papers, we cannot determine whether the use of both devices will expedite discovery or will result in duplication or delay. For another reason, it is desirable that proposed interrogatories be submitted on a motion pursuant to CPLR 3130. By passing upon the interrogatories before granting leave to use both disclosure devices, the court can avoid the delay that may be caused by a separate motion for a protective order. To avoid possible duplication, courts have refused to permit the service of both interrogatories and a notice to take an oral deposition until one of the two methods of disclosure has been completed (*Barouh Eaton Allen Corp. v International Business Machs. Corp.*, 76 AD2d 873, 874, *supra; Katz v Posner,* 23 AD2d 774; see, also, *Comstock & Co. v City of New York [Bower Bay WPCP]*, 80 AD2d 805, 807). We do not decide whether and under what circumstances this rule should apply to a motion pursuant to CPLR 3130. (Appeal from order of Supreme Court, Monroe County, Provenzano, J. — interrogatories.) Present — Dillon, P. J., Doerr, Boomer, Moule and Schnepp, JJ.