■ ARTHUR BRANDON et al., Appellants, v MYRON CHEFETZ et al., Respondents. — Order entered November 1, 1982 in Supreme Court, New York County (Martin Evans, J.), granting defendants' motion for a protective order striking certain interrogatories, is affirmed, without costs, and without prejudice to plaintiffs serving more limited and properly justified interrogatories addressed to nondomiciliary parties. We cannot say that Special Term abused its discretion in finding plaintiffs' interrogatories to be unduly burdensome; the broadly worded queries are so general as to be oppressive. (*Comstock & Co. v City of New York [Bower Bay WPCP],* 80 AD2d 805, 806.) However, the use of interrogatories to ascertain the identity and location of further documents is consistent with the procedures set forth in *Rios v Donovan* (21 AD2d 409, 414 [per Valente, J.]), especially in view of the foreign defendants' limited availability to be deposed by plaintiffs. (*Beauchamp v Marlborough-Gerson Gallery,* 29 AD2d 937.) Accordingly, leave is granted plaintiffs to recast their interrogatories with more specificity and a greater showing of the relevancy and reasonableness of the questions. (*Nissho-Iwai Amer. Corp. v Lehigh Val. Inds.,* 39 AD2d 653.) Concur — Sandler, J. P., Carro, Silverman and Bloom, JJ.

Asch, J., dissents in a memorandum as follows: I would reverse the order appealed from to deny the defendants' motion striking and vacating the interrogatories served by plaintiffs. The interrogatories at bar were served to ascertain the identity, description and location of documents. "[I]nterrogato-

ries are appropriate and useful in enabling the seeking party to obtain lists and other detailed information to set the stage for meaningful depositions." (*Comstock & Co. v City of New York [Bower Bay WPCP]*, 80 AD2d 805, 807.) The use of interrogatories in this complex commercial action is entirely proper and provides an expeditious method of obtaining information as to the existence, identity and location of documents. Once they are answered, plaintiffs can then properly specify documents required pursuant to CPLR 3120 (see *Barouh Eaton Allen Corp. v International Business Machs. Corp.*, 76 AD2d 873, 875; *Clifton Steel Corp. v County of Monroe Public Works Dept.*, 74 AD2d 715). In addition, there is a prior, protective order outstanding as to nonresident defendants BIS, S.A. and Krull limiting their availability for oral deposition to such times as those defendants are present in New York. The use of the subject interrogatories would, therefore, be particularly appropriate under the circumstances of this case.