■ GIFFORDS OIL Co. et al., Respondents, v JOHN SPINOGATTI, Individually and Doing Business as NATIONAL ENERGY CONSULTANT, Appellant. — In an action to recover damages for breach of contract, defendant appeals (1) from an order of the Supreme Court, Nassau County (Harwood, J.), entered August 27, 1982, which struck defendant's written interrogatories and directed him to proceed with noticed oral examinations without prejudice to service of interrogatories upon completion of said examinations; and (2) from so much of an order of said court (Roncallo, J.), entered January 14, 1983, as required defendant to conduct oral depositions of plaintiffs on February 17, 1983. (By order dated March 7, 1983, this court, *inter alia,* stayed enforcement of the order entered January 14, 1983, pending the determination of defendant's appeal from Special Term's order entered August 27, 1982.) Order entered August 27, 1982 affirmed and order entered January 14, 1983 affirmed, insofar as appealed from, with one bill of costs. The depositions shall proceed with all convenient speed. Defendant served, together with his answer, notices to take depositions on each of the three corporate plaintiffs. A few days later, defendant also served an extensive set of written interrogatories on plaintiffs, the answers to which were due prior to the scheduled depositions. By serving the notices to take depositions and then resorting to written interrogatories, defendant sought to achieve the following: (1) preserve his priority of depositions pursuant to CPLR 3106; and (2) narrow the scope of the subsequent oral depositions. While the CPLR permits a party to utilize both written interrogatories and oral depositions in conducting pretrial discovery, a party should complete the discovery device first invoked before resorting to another. "If the device first chosen does not adequately disclose all evidence material and necessary to the prosecution or defense of the action (CPLR 3101), then the other available remedy may be utilized" (*Katz v Posner,* 23 AD2d 774, 775). Accordingly, Special Term acted properly in directing defendant to proceed with oral depositions, the discovery device initially invoked, prior to service of written interrogatories. Special Term's order entered August 27, 1982 is affirmed on the additional ground that defendant's interrogatories were improperly burdensome and irrelevant. Although Special Term did not address this issue, upon our review and noting the amendment of the complaint in the interim, we find the interrogatories to be unduly broad and prolix (see *Hall v Craig,* 69 AD2d 896). With respect to defendant's appeal from the order entered January 14, 1983, we find Special Term acted properly in directing pretrial discovery to proceed without further delay despite defendant's appeal from the prior order of August 27, 1982 since defendant had not sought to stay enforcement of said order pending his appeal therefrom. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.