■ ARTHUR BRANDON et al., Appellants, v MYRON CHEFETZ et al., Respondents. — Order, Supreme Court, New York County (David H. Edwards, J.), entered January 18, 1984, granting motion of defendants for a protective order striking interrogatories served by plaintiffs on May 24, 1983, unanimously affirmed, with costs. ¶ The interrogatories should be stricken in their entirety as unduly burdensome and oppressive, and plaintiffs should be afforded still another opportunity to comply with the prior order of this court ruling on substantially the same interrogatories (*Brandon v Chefetz,* 94 AD2d 668), as Special Term suggested in the order and decision appealed from. ¶ As both opinions in the case upon which appellants rely concluded (*Bassett v Bando Sangsa Co.,* 94 AD2d 358, 360, 367), it is beyond dispute that "interrogatories are useful for the purpose of determining the existence of documents to set the stage for meaningful depositions". However, this is not dispositive. The coincidence that the attorney whose objections to interrogatories were overruled by the majority in that case is the same attorney whose interrogatories we now strike does not alter the rule that interrogatories for whatever purpose served should not be so broadly worded and general as to be oppressive. An all-inclusive demand for documents of any and every kind and an all-inclusive demand for information about such documents is improper. Pruning is the job of counsel, not the court. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Milonas, JJ.