■ JIMMBO CORP., Appellant, v LANGTRY REALTY CORP. et al., Respondents.—In an action, *inter alia,* for replevin of an automobile, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 23, 1985, which granted the defendants' motion for a protective order vacating the plaintiff's interrogatories and notice of discovery and inspection.

Order modified, by (1) adding, after the word "granted" in the first sentence thereof the words "without prejudice to the plaintiff's service of a new and proper set of interrogatories, if it is so advised, limited to evidence material and necessary to the preparation of its defense to the counterclaims asserted by the defendants", and (2) deleting the words "on the ground that it seeks irrelevant information" and substituting therefor the words "to the extent that the keys to the subject car need not be produced". As so modified, order affirmed, with costs.

Special Term acted within its discretion in vacating the entire set of the plaintiff's interrogatories rather than pruning them *(see, Manzo v Westchester Rockland Newspapers,* 106 AD2d 492; *Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873).

However, as the plaintiff has the right to discovery of some of the information requested therein, the granting of the motion for a protective order should have been made without prejudice to service by the plaintiff of a new and proper set of interrogatories, if it be so advised, limited to evidence material and necessary to the preparation of its defense on the counterclaims asserted by the defendants.

In addition, we find that the plaintiff should be granted the opportunity to inspect and photograph the subject vehicle. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.