■ RICHARD P. CURRAN, as Father and Natural Guardian of KATHLEEN S. CURRAN, an Infant, Respondent, v UPJOHN COMPANY, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant the Upjohn Company (hereinafter Upjohn) appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Isseks, J.), dated September 25, 1985, as, *inter alia,* granted the plaintiff's motion for a protective order vacating Upjohn's interrogatories and four notices to produce pursuant to CPLR 3120, and as denied Upjohn's cross motion to compel the plaintiff to answer the aforenoted interrogatories and to comply with the aforenoted notices to produce pursuant to CPLR 3120.

Order modified by deleting (1) the fourth, fifth, and sixth decretal paragraphs thereof and (2) from the third decretal paragraph thereof the following: "but the remainder of the notice is vacated with leave to serve a more specific notice after the completion of depositions", and substituting therefor provisions denying that branch of the plaintiff's motion which sought to vacate the four notices to produce and granting that branch of Upjohn's cross motion which sought to compel compliance with the aforenoted notices to produce. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The plaintiff's time to comply with the aforenoted notices to produce is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Although "[a] party is generally free to choose both the [disclosure] devices it wishes to use and the order in which to use them" *(Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 874), one method of disclosure should be completed before resorting to another *(see, Giffords*

*Oil Co. v Spinogatti,* 96 AD2d 851). Under the circumstances of the case at bar, we find that Special Term did not abuse its discretion in directing that oral depositions be completed prior to service of a properly drafted set of interrogatories *(see,* CPLR 3103 [a]; *Katz v Posner,* 23 AD2d 774; *cf. Barouh Eaton Allen Corp. v International Business Machs. Corp., supra).* In this regard, it is not the function of this court or Special Term to prune a palpably improper set of interrogatories *(see, Jimmbo Corp. v Langtry Realty Corp.,* 120 AD2d 642; *Manzo v Westchester Rockland Newspapers,* 106 AD2d 492).

However, Special Term was incorrect in its finding that the four notices to produce were not reasonably particular with respect to the information requested *(see,* CPLR 3120 [a] [1] [i]). Accordingly, the protective provisions of the order granted as to each notice to produce are hereby vacated and the plaintiffs are directed to comply with the requests within the time heretofore indicated. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.