(December 22, 1987)

■ YETIVE C. MENDLER, Respondent, v HENRY MENDLER,

Appellant.—Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered July 17, 1987, which denied defendant's motion for a protective order vacating interrogatories served by plaintiff in this matrimonial action and directed him to serve his answers within 30 days, unanimously affirmed, without costs, defendant directed to serve answers to the interrogatories within 30 days of service of the order on this appeal, with leave to make a new motion for a protective order raising specific objections to particular interrogatories.

Where interrogatories submitted are unduly burdensome and prolix as to be oppressive, the appropriate remedy in such circumstances is not judicial pruning but vacatur of the interrogatories in their entirety. (*Lobatto v Lobatto*, 109 AD2d 697, 698; *Brandon v Chefetz*, 101 AD2d 786; *Metzger v Brockman*, 92 AD2d 499, 500; *Vancek v International Dynetics Corp.*, 78 AD2d 842, 843; *Itzkoff v Allstate Ins. Co.*, 59 AD2d 854, 855.) These and other cases have consistently adhered to the principle that pruning is the function of counsel, not the court.

In moving for a protective order pursuant to CPLR 3103 and 3133 (a), defendant did not raise specific objections to the interrogatories but, instead, argued that the interrogatories, in terms of length and form, were unnecessarily burdensome and prolix and that the use of a form, not fashioned to the facts in the case, was improper. No specific objections were presented in terms of substance.

We agree that, generally, the use of a prefabricated form, not tailored to the facts in the case, is unauthorized and improper. Nevertheless, in our view, a substantial portion of the interrogatories here is relevant and material to the issues in suit. Under the circumstances, we exercise our discretion to afford defendant a further opportunity to raise specific objections to particular interrogatories while, at the same time, serving answers to the balance as to which there is no objection. Concur—Murphy, P. J., Kupferman, Kassal, Ellerin and Smith, JJ.