■ WEEKS OFFICE PRODUCTS, INC., Respondent, v CHEMICAL BANK, Appellant, et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Irma Vidal Santaella, J.) entered on or about April 15, 1991, which granted plaintiff's motion for a protective order to the extent of vacating defendant-appellant's fourth set of document requests without prejudice to the service of interrogatories and demands for documents, "to the extent needed", upon completion of plaintiff's examination before trial, is unanimously affirmed, with costs.

IAS did not abuse its discretion by, in effect, staying the use of interrogatories and document discovery until completion of plaintiff's examination before trial. While it is generally recognized that in complex commercial cases involving corporations, expedition is served by the initial use of proper interrogatories (*Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 875), the CPLR does not set forth any order of priority as to the use of various disclosure devices, and a party is generally free to choose both the devices it wishes to use and the order in which it wishes to use them, subject to judicial intervention if the process is abused (*supra,* at 874).

In view of the voluminous interrogatories that had already been served and answered, there is ample reason to suppose that expedition would be served by current resort to the deposition device, and later resort to further interrogatories and document discovery. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.