■ TITLESERV, INC., Appellant, v MICHAEL ZENOBIO, JR., et al., Respondents. [619 NYS2d 769] —In an action, *inter alia,* to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated April 12, 1994, as granted the defendants' motion to quash the subpoenas duces tecum it served upon nonparties Apple Bank for Savings and Key Bank of New York and for a protective order striking items 3, 9, 13, and 19 of the plaintiff's first notice of discovery and inspection.

Ordered that the order is modified, (1) by deleting the provision thereof granting the branch of the defendants' motion which was to quash the subpoenas duces tecum with regard to the documents showing the financial status of the defendant T.A.T. Property from July 1992 though March 1993 and substituting therefor a provision denying that branch of

the defendants' motion, and (2) by deleting the provision thereof granting the branch of the defendants' motion which was for a protective order and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

CPLR 3101 (a) provides, "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action". CPLR 3101 is to be liberally construed to require disclosure when the matter sought to be disclosed will assist in trial preparation by sharpening the issues *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). "Restricted only by a test for materiality of 'usefulness' and 'reason', pretrial discovery is to be encouraged" *(U.S. Ice Cream Corp. v Carvel Corp.,* 190 AD2d 788).

The information that the plaintiff sought from the nonparties Apple Bank for Savings (hereinafter Apple Bank) and Key Bank of New York (hereinafter Key Bank) concerning the defendant T.A.T. Property's financial status when the parties executed the lease that is the subject of this action is clearly relevant to the plaintiff's claim that T.A.T. Property misrepresented its ability to repair the roof of the subject premises. Thus, Apple Bank and Key Bank are directed to produce the documents requested by the plaintiff showing the financial status of T.A.T. Property from July 1992 through March 1993. However, the financial status of Michael Zenobio, Jr.; Abcon Associates, Inc.; Zentech Development Group, Ltd.; and Zentech Realty Associates is irrelevant to the present case since none of the aforementioned were parties to the lease. Therefore, the plaintiff is not entitled to any documents concerning the finances of Michael Zenobio, Jr.; Abcon Associates, Inc.; Zentech Development Group, Ltd.; and Zentech Realty Associates.

The Supreme Court improvidently exercised its discretion by granting the defendants' motion for a protective order. It is not disputed that the motion was untimely. "[T]he failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought, except as to material which is privileged under CPLR 3101 or as to requests which are palpably improper" *(Muller v Sorensen,* 138 AD2d 683, 684). The defendant makes no claim of privilege, but argues that the material requested by the plaintiff is palpably improper. A disclosure request is palpably improper if it seeks information of a

confidential and private nature that does not appear to be relevant to the issues in the case *(see, Zimmer v Cathedral School of St. Mary & St. Paul,* 204 AD2d 538; *Grossman v Lacoff,* 168 AD2d 484, 485). Here, the plaintiff seeks information concerning the defendants' financial status when the parties executed the lease. This material is not of a confidential and private nature, and it is relevant to the issues in the case. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.