■ COVENTRY EDWARDS-PITT, Appellant, v JOHN DOE et al., Defendants, and ROBERT WALSH et al., Respondents. [741 NYS2d 909] —In an action, inter alia, to enjoin the defendants from altering, resurfacing, paving, grading, excavating, or settling the plaintiff's property, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Orange County, dated April 3, 2001, as denied her motion pursuant to CPLR 3124 and 3126 to compel the defendants Robert Walsh, Mariann Walsh, Ed Wang, and Donna Wang, inter alia, to serve further responses to interrogatories and to strike stated responses to her interrogatories, and directed the parties to complete depositions of one another, and (2) from so much of an order of the same court dated July 3, 2001, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 3, 2001, is dismissed, as that order was superseded by the order dated July 3, 2001, made upon reargument; and it is further,

Ordered that the order dated July 3, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion, inter alia, to compel the defendants Robert Walsh, Mariann Walsh, Ed Wang, and Donna Wang (hereinafter the defendants) to submit further responses to interrogatories already re-

sponded to or properly objected to by them (see CPLR 3103). The CPLR does not set forth any order of priority as to the use of the various disclosure devices. A party is generally free to choose both the discovery devices it wishes to use and the order in which to use them (see Weeks Off. Prod. v Chemical Bank, 178 AD2d 113; Kaye v Kaye, 102 AD2d 682; Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873; Katz v Posner, 23 AD2d 774). Here, the plaintiff has not only used interrogatories, but has also used notices to admit. Thus, the court's directive to the parties to proceed with oral depositions instead of responding to further interrogatories was proper, since under the facts of this case, the court's determination will expedite the discovery process (see Barouh Eaton Allen Corp. v International Bus. Machs. Corp., supra; see also Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:2, CPLR 3130:1).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.