BARBARA SAMIDE, Respondent, v ROMAN CATHOLIC DIO-CESE OF BROOKLYN, Defendants, and JOHN THOMPSON, Appellant. [791 NYS2d 643]—

In an action, inter alia, to recover damages for discrimination based on sex, intentional infliction of emotional distress, and assault and battery, the defendant John Thompson appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated October 15, 2003, as denied his motion to quash a subpoena duces tecum issued by the plaintiff to a nonparty witness and, in effect, denied that branch of his cross motion which was to compel the plaintiff to answer numbers 30, 31, 32, and 33 in his second set of interrogatories, dated May 26, 2003.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was to quash so much of the subpoena as required the production of records pertaining to the periods from January 1, 1999, through May 31, 2000, and from April 1, 2002, through December 31, 2002, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which, in effect, denied that branch of the cross motion which was to compel the plaintiff to answer numbers 30 (b), 30 (c), 30 (d), 31 (b), 31 (c), and 31 (d) in the appellant's second set of interrogatories, dated May 26, 2003, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The complaint in this action alleges, among other things, that

the appellant committed acts of assault and battery against the plaintiff. The appellant served interrogatories on the plaintiff, which included a request for the details of the claimed acts of assault and battery. Most of the plaintiff's lengthy answer to that request was nonresponsive, and the portions that were responsive were conclusory and provided no meaningful information. In addition, the plaintiff's answer alleged for the first time that the appellant's acts of assault and battery included two sexual assaults, and no meaningful description of the sexual assaults was provided. The appellant sought the details of the alleged physical assaults and sexual assaults in a second set of interrogatories. The plaintiff moved for a protective order striking those interrogatories, and the appellant cross-moved for an order compelling the plaintiff to answer them.

The Supreme Court improvidently exercised its discretion in requiring the appellant to proceed with the disclosure process by deposition, rather than by interrogatories (*see Kaye v Kaye,* 102 AD2d 682, 692 [1984]; *Barouh Eaton Allen Corp. v International Bus. Machs. Corp.,* 76 AD2d 873, 874 [1980]). A party is entitled to "choose both the discovery devices it wishes to use and the order in which to use them" (*Edwards-Pitt v Doe,* 294 AD2d 395, 396 [2002]; *see Falk v Inzinna,* 299 AD2d 120, 125 [2002]; *Barouh Eaton Allen Corp. v International Bus. Machs. Corp., supra* at 874). While that prerogative is subject to the court's "broad power to regulate discovery to prevent abuse" (*Barouh Eaton Allen Corp. v International Bus. Machs. Corp., supra* at 874; *see* CPLR 3103 [a]), the appellant's second set of interrogatories was not abusive, particularly since the plaintiff had not provided meaningful responses to the appellant's original interrogatories seeking information about the alleged assaults. Nor was there any indication that proceeding directly to depositions without requiring responses to the interrogatories would expedite the discovery process (*see Edwards-Pitt v Doe, supra; Barouh Eaton Allen Corp. v International Bus. Machs. Corp., supra* at 874-875). Accordingly, the appellant was entitled to answers to his interrogatories numbered 30 (b), 30 (c), 30 (d), 31 (b), 31 (c), and 31 (d), which seek "material and necessary" information concerning the alleged assaults (CPLR 3101 [a]).

Contrary to the appellant's contention, the subpoena duces tecum served on the nonparty credit card company sought materials "bearing on the controversy," and was " 'sufficiently related to the issues in litigation to make the effort to obtain [them] in preparation for trial reasonable' " (*Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407 [1968]; *see* CPLR 3101

[a]; *O'Neill v Oakgrove Constr.*, 71 NY2d 521, 526 [1988]; *Titleserv, Inc. v Zenobio*, 210 AD2d 314 [1994]). Thus, the appellant was not entitled to an order quashing the subpoena in its entirety. As the plaintiff correctly concedes, however, the scope of the subpoena should have been limited to the period from June 2000 to March 2002, since the records from outside that period are not "material and necessary" in the prosecution of this action (CPLR 3101 [a]). Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.