■ Barbara R. Nimkoff, as Executrix of Martin B. Nimkoff, Deceased, Appellant, v Central Park Plaza Associates, LLC, et al., Respondents, et al., Defendants. [997 NYS2d 698]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 30, 2013, as granted the motion of the defendants Central Park Plaza Associates, LLC, Donald Monti, Anna Assante, Mario

Fracassa, Frederick Kaplan, William Caccese, Jeffrey Goodman, Chanchal Saha, Ronald C. Richman, and Concorde Management Services, Inc., for a protective order pursuant to CPLR 3103 (a) to the extent of directing the plaintiff to serve interrogatories on the named individual defendants instead of conducting their depositions.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the respondents' motion which was for a protective order pursuant to CPLR 3103 (a) is denied.

In April 2004, Martin B. Nimkoff (hereinafter the decedent), a former member of the defendant Central Park Plaza Associates, LLC (hereinafter Central Park), died. Thereafter, Central Park was dissolved pursuant to the terms of its operating agreement, and in April 2008, its sole asset, certain real property in Plainview, was sold. In March 2009, Barbara R. Nimkoff, as executrix of the decedent's estate (hereinafter the plaintiff), commenced this action, inter alia, to recover damages for breach of contract. The complaint alleged that the decedent's estate did not receive its proportional share of the sale proceeds in accordance with the terms of the operating agreement.

The defendants Central Park, Donald Monti, Anna Assante, Mario Fracassa, Frederick Kaplan, William Caccese, Jeffrey Goodman, Chanchal Saha, Ronald C. Richman, and Concorde Management Services, Inc. (hereinafter collectively the defendants), subsequently moved for a protective order pursuant to CPLR 3103 (a). The defendants argued that it was unnecessary to conduct depositions of the named individual defendants, who were minority shareholders and former members of Central Park, in view of a deposition which had already been conducted of the defendant Donald Monti, the managing member of Central Park. The Supreme Court, inter alia, granted the defendants' motion to the extent of directing the plaintiff to serve interrogatories on these other individual defendants instead of conducting depositions.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." A party is entitled to "choose both the discovery devices it wishes to use and the order in which to use them" (*Edwards-Pitt v Doe*, 294 AD2d 395, 396 [2002]; *see Samide v Roman Catholic Diocese of Brooklyn*, 16 AD3d 482 [2005]; *Falk v Inzinna*, 299 AD2d 120, 125 [2002]). However, a court may issue a protective order " 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense,

embarrassment, disadvantage, or other prejudice to any person or the courts' " (*County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; *see Vaccaro v Weinstein*, 117 AD3d 1033, 1034 [2014]).

Here, the defendants failed to demonstrate that taking depositions of individual defendants would result in "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]). Accordingly, the Supreme Court's determination that the plaintiff was limited to serving interrogatories on those individual defendants, instead of conducting depositions, was an improvident exercise of its discretion (*see generally Carberry v Bonilla*, 65 AD2d 613 [1978]; *Cooper v Met Merchandising*, 54 AD2d 859 [1976]).

The parties' remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.