Healey v Ean Holdings, LLC (2020 NY Slip Op 01331)





Healey v Ean Holdings, LLC


2020 NY Slip Op 01331


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-05921
 (Index No. 151162/15)

[*1]Brian Healey, et al., appellants, 
v
Ean Holdings, LLC, et al., respondents, et al., defendants (and other actions).


Debra S. Reiser, New York, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Loring I. Fenton of counsel), for respondents Ean Holdings, LLC, and ELRAC, LLC.
Brand Glick Brand, Garden City, NY (Peter M. Khrinenko of counsel), for respondent John Barbaria.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated April 23, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were to compel the defendant John Barbaria to provide certain records and to compel the defendants Ean Holdings, LLC, and ELRAC, LLC, to produce Anita Dinis-Forteza for a continued deposition.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the defendant John Barbaria to provide certain records, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendant John Barbaria, and one bill of costs to the defendants Ean Holdings, LLC, and ELRAC, LLC, payable by the plaintiffs.
On September 5, 2015, the plaintiff Brian Healey allegedly was injured when a vehicle in which he was a passenger was struck by a vehicle driven by the defendant John Barbaria. The vehicle Barbaria was driving was allegedly owned by the defendants Ean Holdings, LLC, and ELRAC, LLC (hereinafter together the ELRAC defendants), and had been rented to Barbaria.
The plaintiffs commenced this personal injury action. The ELRAC defendants asserted as an affirmative defense in their answer that under 49 USC § 30106(a), known as the Graves Amendment, they could not be held vicariously liable for the accident. During discovery, the ELRAC defendants produced a representative, Anita Dinis-Forteza, for a deposition. Dinis-Forteza testified regarding the ELRAC defendants' general procedures, but had no knowledge regarding the specific rental to Barbaria. After receipt of additional document discovery from the ELRAC defendants pertaining to the Barbaria rental, the plaintiffs moved to compel a continued deposition of Dinis-Forteza to question her regarding those documents, and to compel Barbaria to provide the portion of his bank statements or other financial records that would reflect all debit or [*2]credit card payments for the subject rental car. The Supreme Court denied those branches of the plaintiffs' motion, and the plaintiffs appeal.
The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to compel the continued deposition of Dinis-Forteza, as the ELRAC defendants had agreed to produce another witness, Michael Sheehan, who was the employee who actually handled the particular rental transaction with Barbaria. Particularly in light of the parties' agreement that Sheehan would be deposed, the plaintiffs failed to demonstrate the necessity for a continued deposition of Dinis-Forteza, who had no personal knowledge of the rental transaction at issue (see CPLR 3101[d]; see generally American Reliance Ins. Co. v National Gen. Ins. Co., 174 AD2d 591, 593).
However, the Supreme Court improvidently exercised its discretion in declining to compel Barbaria to provide the portion of his bank statements or other financial records that would reflect all debit or credit card payments for the subject rental car. The plaintiffs demonstrated that the requested discovery was material and necessary to the prosecution of the action, and, contrary to the court's conclusion, document discovery provided by the ELRAC defendants, as well as Barbaria's deposition, were insufficient sources of the information sought by the plaintiffs (see CPLR 3101[a]; Samide v Roman Catholic Diocese of Brooklyn, 16 AD3d 482, 483; Titleserv, Inc. v Zenobio, 210 AD2d 314, 316). Accordingly, that branch of the plaintiffs' motion which was to compel Barbaria to provide the portion of his bank statements or other financial records that would reflect all debit or credit card payments for the subject rental car should have been granted.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court