Bank of N.Y. Mellon v Brodwith (2021 NY Slip Op 00828)





Bank of N.Y. Mellon v Brodwith


2021 NY Slip Op 00828


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02351
 (Index No. 508445/15)

[*1]Bank of New York Mellon, etc., plaintiff,
v
Theresa Brodwith, appellant, et al., defendants.


Jonathan David Bachrach, New York, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Theresa Brodwith appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 6, 2018. The order, insofar as appealed from, denied that branch of that defendant's unopposed motion which was pursuant to CPLR 3101 to direct certain disclosure on the part of the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and that branch of the motion of the defendant Theresa Brodwith which was pursuant to CPLR 3101 to direct certain disclosure on the part of the plaintiff is granted.
In or around 2015, the plaintiff commenced this action against, among others, Theresa Brodwith, individually and in her capacity as Adminstratrix and heir to the Estate of Leroy Brodwith (hereinafter the defendant), to foreclose a mortgage which the plaintiff alleges was given by the decedent Leroy Brodwith (hereinafter the decedent) in 2000 and encumbers certain real property located in Brooklyn. According to an affidavit of indebtedness, sworn to by an employee of the plaintiff's loan servicer, the decedent defaulted in making the mortgage payment due on July 20, 2008, and all payments due thereafter. The defendant interposed an answer, asserting various affirmative defenses and, thereafter, moved, inter alia, pursuant to CPLR 3101 to direct the deposition of the plaintiff regarding the timing of the commencement of the action more than 12 years after decedent's death and the production of the plaintiff's books and records regarding the alleged mortgage at issue. The defendant submitted a copy of the decedent's death certificate, evidencing that the decedent died on November 8, 2003—approximately 5 years before the alleged default and approximately 12 years before the commencement of the action. The plaintiff did not oppose the motion. In an order dated December 6, 2018, the Supreme Court denied that branch of the unopposed motion (hereinafter the December 2018 order). The defendant appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "A party is entitled to choose both the discovery devices it wishes to use and the order in which to use them" (Nimkoff v Central Park Plaza Assoc., LLC, 123 AD3d 679, 680 [internal quotation marks omitted]).
Here, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3101 to direct disclosure. Contrary to the court's determination, the [*2]defendant did not default in answering the complaint (see generally Jeffers v Stein, 99 AD3d 970, 971). Moreover, the plaintiff failed to oppose the motion and never moved to vacate its default; thus, "the court should not have raised the issue sua sponte" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 883; see Emigrant Mtge. Co., Inc v Fisher, 90 AD3d 823, 824-825).
Accordingly, we reverse the December 2018 order insofar as appealed from.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court