**NYU Langone Health Sys. v Gura**

2025 NY Slip Op 31515(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 652748/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**     PART      14

*Justice*

-----------------------------------------------------------------------------X

NYU LANGONE HEALTH SYSTEM,

                Plaintiff,

          - v -

ALEXA GURA, AKA ALEXA B. KISSELBACH,

              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652748/2023 |
| **MOTION DATE** | 04/22/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for            DISCOVERY         .

Defendant's motion to compel plaintiff produce certain documents and to respond to interrogatories is granted in part and denied in part.

**Background**

Defendant participated in a tuition assistance benefit program run by plaintiff. According to plaintiff, the program required that if defendant voluntarily left her employment with plaintiff within 24 months of receiving tuition benefits, then defendant had to repay all of the money she received from this program. Plaintiff alleges that defendant voluntarily resigned from her job with plaintiff before the 24-month deadline had passed and so she owes the full amount she received (allegedly $37,884.00). This is not a motion for summary judgment, however; this is a discovery motion.

In this motion, defendant seeks to compel plaintiff to produce documents in response to demands numbering 3, 4, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18 and 19 and that plaintiff provide meaningful responses to interrogatories numbering 1, 2, 3, 4, 5, 6, and 8. She insists that these

**652748/2023 NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No. 001**

Page 1 of 11

[* 1]

discovery requests relate to her affirmative defenses and so plaintiff should be compelled to respond to them.

The Court will assess each demand in turn. However, the Court observes that plaintiff finally responded to these demands almost a year after they were served, which is well after the statutory deadline. "The failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought, except as to material which is privileged under CPLR 3101 or as to requests which are palpably improper" (*Titleserv, Inc. v Zenobio*, 210 AD2d 314, 315 [2d Dept 1994] [internal quotations and citations omitted}). "A disclosure request is palpably improper if it seeks information of a confidential and private nature that does not appear to be relevant to the issues in the case" (*id*. at 315-16).

Therefore, the Court's analysis below is limited to whether plaintiff raised issues of privilege or whether the information sought is palpably improper.

*Demand Nos. 3 and 4*

These demands ask plaintiff to:

"3. Produce all Documents and Communications Concerning the interpretation, meaning, and application of any provision of the Tuition Assistance Benefits Agreements referenced in paragraphs 3 through 8 of the Complaint, including but not limited to any internal analyses conducted by or on behalf of NYU concerning the meaning or interpretation of any provision in the Tuition Assistance Benefits Agreements

4. Produce all Documents and Communications Concerning the interpretation, meaning, and application any term of the Tuition Assistance Benefits Program referenced in paragraphs 3 through 6 of the Complaint, including but not limited to any internal analyses conducted by or on behalf of NYU concerning the meaning or interpretation of any terms in the Tuition Assistance Benefits Program

13. Produce all Documents or Communications Concerning any complaints received by or challenges made by former NYU employees or independent contractors to NYU with respect to NYU's assertions that a former employee or

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

**Page 2 of 11**

2 of 11

[* 2]

independent contractor must reimburse NYU for tuition payments disbursed under the Tuition Assistance Benefits Program or pursuant to the Tuition Assistance Benefits Agreement.

14. Produce all Documents or Communications Concerning amounts collected from former NYU employees by NYU following NYU's assertions that a former employee or independent contractor must reimburse NYU for tuition payments disbursed under the Tuition Assistance Benefits Program or pursuant to the Tuition Assistance Benefits Agreement" (NYSCEF Doc. No. 19 at 6, 7).

Defendant contends that these documents relate to her affirmative defenses regarding the alleged e-signature on the relevant agreements. She argues that these requests merely inquire about how other former employees may have challenged their agreements and the conditions under which plaintiff sought reimbursement of these benefits. Defendant maintains that it might shed light about the consistency with which plaintiff enforces these agreements.

Plaintiff argues that these documents have nothing to do with this case and that defendant is not entitled to records about non-parties to this case. It characterizes these requests as evidence of a fishing expedition.

The Court finds that plaintiff must turn over records for document request numbers 3 and 4. While the Court agrees with plaintiff's questions about the relevance of these requests, the fact is that plaintiff waived that objection by not raising it within the timeline prescribed by the CPLR. And plaintiff did not explain in its opposition why these requests are palpably improper. Therefore, plaintiff must produce these records.

However, the Court declines to compel plaintiff to produce the records for requests 13 or 14 as these are palpably improper. Plainly, they seek confidential and private information about non-parties to this case and defendant did not cite an adequate reason for why she needs this information. The Court declines to require broad disclosure of the financial records of individuals who have no connection to this dispute.

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No. 001**

**Page 3 of 11**

[* 3]

*Demands 8 and 9*

These demands seek: "8. Produce the complete personnel records, employment file, and/or human resources records Concerning Ms. Kisselbach, as maintained by NYU. 9. Produce all Documents or Communications Concerning the hiring by NYU of any nurse practitioners or the promotion of any employees or independent contractors of NYU to nurse practitioner from January 1, 2018 through January 1, 2021" (NYSCEF Doc. No. 19 at 7).

Defendant contends that she did not voluntarily leave her employment with plaintiff and instead was forced to leave because of the COVID-19 pandemic. She insists that she was immunocompromised and that plaintiff did not provide a safe work environment. Defendant claims her personnel file will shed light on these defenses.

Plaintiff insists that these requests are overbroad and wholly vague as defendant failed to even identify the nature of her purported condition so as to limit the scope of these discovery requests.

The Court finds that plaintiff must turn over documents in response to request number 8 as plaintiff did not sufficiently explain how defendant's own personnel records are palpably improper. However, similarly to above, the Court declines to require plaintiff to disclose records in response to number 9, which seeks information about other individuals who are not parties to this case. This request is absolutely palpably improper as it demands the disclosure of potentially confidential personnel files for dozens (or possibly hundreds) of people who have no connection to this action.

*Demands 11 and 12*

These demands seek: "11. Produce all Documents filed with the Internal Revenue Service Concerning the tax liability of Ms. Kisselbach relating to the Tuition Assistance Benefits

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

**Page 4 of 11**

4 of 11

Program. 12. Produce all Documents Concerning NYU's practices, policies, and/or procedures for filing amended information with the Internal Revenue Service Concerning the tax liability of former employees of NYU relating to the Tuition Assistance Benefits Program."

Consistent with the above analysis, the Court finds that plaintiff must produce records with respect to number 11 because it concerns defendant. However, plaintiff need not disclose any documents in response to number 12 as it seeks palpably improper tax information about non-parties to this case. The financial records of these individuals are, on this record, irrelevant to this case.

*Demands 15 and 16*

"15. Produce all Documents or Communications Concerning NYU's in-person work requirements or mandates during the Covid-19 Pandemic, including but not limited to any Documents or Communications Concerning the in-person work requirements during the Covid-19 Pandemic for immune-compromised employees or employees with other health concerns.

16. Produce any Documents or Communications between Ms. Kisselbach and NYU or Concerning Ms. Kisselbach relating to employment with NYU, including but not limited to Communications Concerning her health concerns and/or issues" (NYSCEF Doc. No. 19 at 8).

With respect to number 15, the Court finds that plaintiff must produce any general policies or mandates about in-person work requirements but need not turn over any documents that address specific health concerns of other employees. That is, any broadly applicable procedures should be disclosed but the Court declines to require the production of personal and sensitive health information from non-parties to this case. The Court finds that plaintiff must produce records with respect to document request 16 as this relates exclusively to the defendant.

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**      **Page 5 of 11**
**Motion No.  001**

5 of 11

*Demands 17, 18 and 19*

"17 Produce all Documents Concerning the first and second causes of action set forth in the Complaint, including all documents NYU relied upon in drafting such causes of action. 18. Produce all desk files, personal files, and/or working files (and any other Documents and Communications) from any witnesses that NYU intends to call in the Instant Action Concerning or any other Documents that the witness will rely upon at trial. 19. Produce any and all Documents that NYU intends to rely upon, use, and/or have admitted into evidence at trial, submissions to the court or at depositions." (NYSCEF Doc. No. 19 at 8).

The Court declines to compel plaintiff to produce records in response to these requests as they are all palpably improper. They demand every single document plaintiff considered related to this case—for instance request 17 seeks all documents related to the only two causes of action alleged in this case. Such demands are palpably improper because they lack any requisite particularity by which plaintiff could adequately respond. In other words, the Court questions the utility of any discovery device if another party could simply demand that the opposing party turn over every document related to the case. It renders all of the other document requests as cumulative and superfluous.

**Interrogatories**

Defendant also complains that plaintiff failed to meaningfully respond to certain interrogatories.

*Interrogatories 1 and 2*

These demand: "Interrogatory No. 1: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, the Tuition Assistance

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

**Page 6 of 11**

6 of 11

Benefits Agreements allegedly agreed to by Ms. Kisselbach as referenced in paragraphs 3 through 8 of the Complaint and for each Person identified describe in detail their specific knowledge and involvement. Interrogatory No. 2: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, the signature requirement(s) for the Tuition Assistance Benefits Agreements as referenced in paragraphs 3 through 8 of the Complaint and for each Person identified describe in detail their specific knowledge and involvement."

Plaintiff responded that it outsources the tuition benefit program to another entity called Edcor but defendant argues that plaintiff did not provide any contact information for individuals at Edcor.

The Court finds that plaintiff must provide contact information for individuals with whom it has had contact at Edcor about the tuition assistance program. Plaintiff's opposition only insists that defendant should lose on the merits, which is not a proper objection. The Court declines to require plaintiff to describe these individuals' knowledge as that is better suited for a deposition.

*Interrogatory 3*

"Interrogatory No. 3: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, any demands for payment or statements of account sent to Ms. Kisselbach by You and for each Person identified describe in detail their specific knowledge and involvement."

Defendant claims that plaintiffs' response only cited Edcor, NYU Langone Health Payroll Services and plaintiff's attorney, but did not provide any contact information or these individuals' knowledge. Plaintiff insists it told defendant who demanded payment from her.

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

Page 7 of 11

7 of 11

The Court finds that plaintiff should provide contact information in connection with this response. However, plaintiff need not provide any more information than that. In this Court's view, that is more appropriate for a deposition especially given the clear issue identified in this interrogatory—it is obvious that plaintiff sought reimbursement of the tuition payment from defendant. Plaintiff need not preview a possible deposition for defendant.

*Interrogatory 4*

"Interrogatory No. 4: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, any demands for reimbursement to and/or collection efforts against former employees or independent contractors pursuant to the Tuition Assistance Benefits Program or the Tuition Assistance Benefits Agreement and for each Person identified describe in detail their specific knowledge and involvement."

The Court finds that plaintiff need not respond to this interrogatory as it is palpably improper. It seeks confidential information about non-parties to this action and defendant did not sufficiently explain how it is related to the dispute in this action.

*Interrogatory 5*

"Interrogatory No. 5: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, Ms. Kisselbach's employment history at NYU and for each Person identified describe in detail their specific knowledge or involvement."

The Court finds that this interrogatory is also palpably improper as it could encompass every single person with whom plaintiff had interaction while working for plaintiff. That risks forcing the disclosure of countless non-parties to this case who have, at best, a dubious connection to the actual subject matter of this dispute (the tuition assistance agreement). This

**652748/2023 NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No. 001**

**Page 8 of 11**

8 of 11

interrogatory is not even limited to direct supervisors or other individuals who may have worked closely with defendant. This is the sort of fishing expedition that is clearly palpably improper.

*Interrogatory 6*

"Interrogatory No. 6: Identify all of Your employees, agents and/or others acting on Your behalf that were involved in, or have knowledge of, the hiring by NYU of any nurse practitioners or the promotion of any employees or independent contractors of NYU to nurse practitioner from January 1, 2018 through January 1, 2021 and for each Person identified describe in detail their specific knowledge or involvement."

This Court declines to require plaintiff to disclose every single person involved in hiring any nurse practitioner for three years. Such a request is palpably improper as it would inevitably involve the disclosure of confidential information for countless individuals who have no connection to defendant.

*Interrogatory 8*

"Interrogatory No. 8: Identify each person that You will call as a witness in the trial of the Instant Action, and state the subjects on which he or she will testify."

The Court finds that this interrogatory is also palpably improper. Plaintiff need not disclose every witness it intends to call at trial at this stage of the action. This case is still in the discovery stage and plaintiff (just like every party) may decide to call or not call certain individuals depending on what evidence is revealed in discovery. It is simply premature to demand that plaintiff bind itself to what witnesses it may call a trial that may not happen for a couple of years.

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

**Page 9 of 11**

9 of 11

[* 9]

**Summary**

For some reason, plaintiff decided not to timely respond to subject discovery demands and so it waived its right to raise any objections except for those based on privilege or that the demands were palpably improper. As noted above, the Court found that the requests that sought personal and financial information about non-parties to this case were palpably improper as defendant did not state an adequate reason to compel plaintiff to divulge this information. Mere speculation about how plaintiff may have handled other individuals in the tuition assistance program is, at this stage of the case, utterly irrelevant to this action. The Court declines to permit defendant access to the personnel files of these individuals simply because they were in the same program as defendant. This is not, for instance, a putative class action where the treatment of other individuals is critically (and obviously) important.

The Court also recognizes that defendant wants plaintiff to produce documents from its agents, including Edcor and its attorney (William Hecht, P.C). The Court declines to do so although plaintiff is free to turn over such records if it desires. Nothing prevents defendant from subpoenaing these entities who will, of course, have the right to raise appropriate objections.

Accordingly, it is hereby

ORDERED that defendant's motion is granted only the extent that plaintiff must produce records in its custody, control and possession in response to demand numbers 3, 4, 8, 11, 16, and, with respect to number 15 as described above; and it is further

ORDERED that plaintiff shall respond to interrogatories 1, 2 and 3 as described above; and it is further

ORDERED that plaintiff shall serve these responses on or before May 30, 2025; and it is further

**652748/2023   NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No.  001**

**Page 10 of 11**

10 of 11

[* 10]

ORDERED that the remaining portions of defendant's motion are denied.

See NYSCEF Doc. No. 28 regarding the next conference.

| **4/28/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

**CHECK ONE:**    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

     ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

**APPLICATION:**    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**652748/2023 NYU LANGONE HEALTH SYSTEM, vs. GURA, ALEXA**
**Motion No. 001**

**Page 11 of 11**

11 of 11